IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

vs.                              Civ. No. 05-1188 JB/ACT
                              Cr. 04-877 JB


JOSE MACLOVIO JAUREGUI-PEREZ,

        Defendant-Movant.


**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

      **THIS MATTER** is before the Court upon Defendant Jose Maclovio Jauregui-Perez' ("Juaregui-Perez") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed November 15, 2005.  The United States filed is Answer on December 29, 2005.  [Docket No. 8.]  Having considered the arguments of the parties, the record, relevant law and being fully advised, the Court finds that the Motion should be denied.  Because the issues are resolved on the pleadings and the record established conclusively that Jauregui-Perez is not entitled to relief, an evidentiary hearing is not necessary.  28 U.S.C. § 2255; *Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied*, 531 U.S. 835 (2000).

**Factual and procedural background**.

      1.      On December 3, 2003, a police officer arrested Jauregui-Perez in Las Vegas, New

1

Mexico on a state charge of a felon in possession of a firearm.  Jauregui-Perez pled guilty to the state

charge and was sentenced on August 16, 2004 to 18 months in prison.  The state court specified that

such sentence is to run consecutive to any sentence imposed by the federal court.  Docket No. 35,

[1] Memorandum Opinion and Order, filed November 15, 2004, p. 2; Motion, p. 2.

     2.     On May 11, 2004, a federal grand jury returned an indictment against Jauregui-Perez.

Docket No. 9.   The indictment reads as follows:

> On or about April 15, 2004, the Defendant, **JOSE MACLOVIO JAUREGUI-PEREZ**, an alien, was found in San Miguel County, in the State and District of New Mexico, contrary to law in that the defendant had been convicted of an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43), that being 2nd Degree Robbery, and thereafter, had been deported, excluded, and removed and departed the United States on or our about August 23, 2000, while an Order of Exclusion, Deportation and Removal was outstanding and the said defendant had not obtained the consent of the Attorney General of the United States or the Secretary of Homeland Security (6 U.S.C. § 202(3) and (4) and 6 U.S.C. § 557), for reapplication by the defendant for admission into the United States.
>
> In violation of 8 U.S.C. § 1326(a)(1) and 2, and 8 U.S.C. § 1326(b)(2).

     3.     On June 9, 2004, pursuant to a Plea Agreement, Jauregui-Perez pled guilty to the

indictment.  Docket No. 16.  On August 20, 2004, Jauregui-Perez filed a Sentence Memorandum

requesting a downward departure due to his physical condition.  Docket No. 22.  Specifically,

Jauregui-Perez requested to the Court grant a two-level downward departure because Jauregui-Perez

suffered from congestive heart failure.  The Court found that Jauregui-Perez's heart condition does

not constitute "an extraordinary physical impairment" and thus concluded that the Guidelines did not

authorize a downward departure.  U.S.S.G. § 5H1.4 p.s; Docket No. 25, Memorandum Opinion and

Order, filed August 24, 2004, p. 3.

---

[1]Unless otherwise indicated, the Docket Nos. refer to the docket in the criminal case, *United States of America v. Jose Maclovio Jauregui-Perez*, No. Cr. 04-877 JB.

4.      On September 30, 2004, Jauregui-Perez filed a second motion for a downward departure.  Docket No. 27.  Jauregui-Perez requested a seven-level downward departure on the grounds that: 1) pursuant to U.S.S.G. § 5G.1.3(c), the sentence of imprisonment of 18 months to run consecutive to his federal sentence would result in a total sentence in excess of that contemplated by the United States Sentencing Guidelines; and 2) pursuant to U.S.S.G. § 4A.1.3,  Jauregui-Perez' criminal history category significantly over-represents the seriousness of his criminal history.    The Court denied Jauregui-Perez' Motion.  Docket No. 35.  The Court found that the facts of this matter did not support a downward departure pursuant to U.S.S.G. § 5G1.3(c) because the state crime for which Jauregui-Perez was convicted is unrelated to the federal crime and furthermore this case is not an "extraordinary" case that warrants downward departure.  Docket No. 35, Memorandum Opinion and Order, November 15, 2004, p. 5.  The Court also found that Jauregui-Perez' criminal history is not over-represented.  Jauregui-Perez' history consisted of five prior convictions, including two felonies and at the hearing, "Jauregui-Perez conceded that the state conviction on August 16, 2004 can be lawfully and purposefully used as part of his criminal history."  *Id.*

5.      The Court imposed Judgment on November 8, 2004 and sentenced Jauregui-Perez to prison for 57 months.

**Discussion.**

6.      In his Motion, Jauregui-Perez appears to assert two claims: 1) that he was sentenced to a longer term of imprisonment that had been agreed upon in his plea agreement with the government; and 2)  that the Court violated his Sixth Amendment right to a jury trial when the Court adjusted his criminal history score upward based on his state court conviction for being a felon in possession of a firearm.

3

A.      *Procedural default.*

7.      Jauregui-Perez did not appeal his conviction.  A petitioner is barred from raising an issue in a § 2255 motion that he failed to raise on direct appeal "unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered."  *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). A claim of actual innocence may also overcome a default.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

8.      In this matter Jauregui-Perez has made no showing of cause.  There is "no showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable...."  *Id*. at 488.  Both of the issues Jauregui-Perez raise could have been raised on direct appeal.  Moreover, Jauregui-Perez has failed to demonstrate a "fundamental miscarriage of justice."  The miscarriage of justice exception is narrow. It is reserved solely for those with a colorable showing of factual innocence.   The typical example is when the state has convicted the wrong person of the crime. *United States v. Kennedy*, 29 F. Supp. 2d 662, 677 (D. Colo. (internal citations omitted), *cert. denied*, 225 F.3d 187 (10th Cir. 2000). Jauregui-Perez does not claim nor does the record support any claim that he is in fact innocent.

9.      The Court notes however, that ineffective assistance of counsel claims are an exception to the procedural default rule and these claims may be raised for the first time in a § 2255 procedure. *Massaro v. United States*, 538 U.S. 500, 504 (2003).  Thus, "[a] defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment."  *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). Construing Jauregui-Perez' Motion broadly, the Court will analyze the Motion as if it asserts a claim

4

for ineffective assistance of counsel.

        B.     *Ineffective assistance of counsel.*

    10.    To prove ineffective assistance of counsel, Jauregui-Perez must show that his attorney's performance was constitutionally inadequate and that his attorney's constitutionally ineffective performance prejudiced him, i.e., caused him to plead guilty instead of going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To demonstrate that his lawyer's professional performance was deficient, Jauregui-Perez must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Prejudice means that "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id*. If Jauregui-Perez fails to establish either incompetence or prejudice, his claim of ineffective assistance of counsel must fail. *Id*. at 697, 700.

    11.    In this matter, Jauregui-Perez cannot establish that his counsel was constitutionally inadequate or that he was prejudiced. As discussed below, the sentence imposed by the Court complied with the terms of the Plea Agreement and the holdings in *Blakely* and *Booker* do not apply to cases on collateral review. Any argument by his counsel to the contrary would have been frivolous.

    12.    Jauregui-Perez asserts that the sentence imposed by the Court was longer than the one contemplated in his agreement with the government. Specifically, Jauregui-Perez requests that he be resentenced to 46 months on the grounds that his state court conviction, which raised his criminal history category from III to IV violated the Plea Agreement. Motion, p. 14. The only stipulation in

the Plea Agreement is that the defendant is entitled to a reduction of three levels pursuant to U.S.S.G.

§ 3E1.1, "Acceptance of Responsibility."   Plea Agreement, Docket No. 16 at ¶ 7(a ) and (b).   The

Court granted this reduction. Docket No. 26, Order, filed August 31, 2004.  The only obligation

imposed on the government in the Plea Agreement is that the government agree to recommend the

low-end of the advisory sentencing guideline range.  The government so recommended and the Court

imposed sentence at the lowest end of the advisory sentencing guidelines range.  Docket No. 37,

Judgment, filed November 15, 2004.

      13.    Jauregui-Perez also asserts that the new rules established in *United States v. Booker*,

543 U.S. 220 (2005) and *Blakely v. Washington*, 542 U.S. 296 (2004) apply to his case.  It appears

that Jauregui-Perez contends that his sentence violated *Booker* and *Blakely* because his prior state

conviction constituted a fact which was neither admitted nor proved by the government beyond a

reasonable doubt.  The new rules do not apply to this matter.  In *Booker*, the United States Supreme

Court held that the Federal Sentencing Guidelines could not be applied as though they were

mandatory.  *Booker*, 543 U.S. at 245. The Supreme Court applied this holding to all cases on direct

review, but the Court specifically did not mention cases on collateral review.  *Id.* at 268.  However,

the Tenth Circuit has ruled that "*Booker* may not be applied retroactively to habeas petitions" under

28 U.S.C. § 2255.  *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005) (citing Bey v.

United States, 399 F.3d 1266, 1269 (10th Cir. 2005).  The ruling in *Booker* was published on January

12, 2005.  Jauregui-Perez's conviction was entered on November 11, 2004 and became final on

November 14, 2004, well before January 12, 2005, the day the United States Supreme Court decided

*Booker*.  Therefore, the procedural rule announced in *Booker* may not be applied in this case.

      14.    In *Blakely*, the Supreme Court held that the State of Washington's sentencing

procedures violated the defendants constitutional rights under the Sixth Amendment because facts essential to his sentence were not proven to a jury beyond a reasonable doubt nor admitted by the defendant. In so holding, the Court extended the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that any facts, other than the fact of a prior conviction, supporting sentencing enhancements are required to be determined by a jury beyond a reasonable doubt. *Blakely,* 542 U.S. at 301. The Tenth Circuit has specifically found that a prior conviction is an exception to *Blakely* and *Booker. United States v. Austin,* 426 F.3d 1266 (2005) ("*Booker* expressly reaffirms the Supreme Court's holding a prior conviction is an exception to factual jury submissions by stating, '[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.'") In addition the Tenth Circuit has held that *Blakely* is not applicable in cases on collateral review. *Leonard v. United States*, 383 F.3d 1186 (10th Cir. 2004).

   15. hus, for all the foregoing, the Court finds that Jauregui-Perez' Motion is without merit.

## RECOMMENDED DISPOSITION

  The Court recommends that Jauregui-Perez' Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 be denied and this action be dismissed with prejudice.

  Timely objections to the foregoing may be made pursuant to 28 U.S.C.§ 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the 10 (ten) day period allowed if that party

wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**